**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERNEST L. ROBERTS, : | **Hon. Jose L. Linares** |
| Petitioner, : | Civil No. 06-2552 (JLL) |
| v. : |  |
| MICHAEL R. MCKEEN, et al., : | **O P I N I O N** |
| Respondents. : |  |

**APPEARANCES**:

    ERNEST L. ROBERTS, #267987C
    Albert C. Wagner Youth Correctional Facility
    P.O. Box 500
    Bordentown, New Jersey  08505
    Petitioner Pro Se

**LINARES**, District Judge

Ernest L. Roberts filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction in the Superior Court of New Jersey.  For the reasons expressed below, this Court will summarily dismiss the Petition for lack of subject matter jurisdiction.

**I.  STANDARD OF REVIEW**

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  As the Supreme Court explained,

> Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground.  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently

>   contained mere conclusions of law,
>   unsupported by any facts. [But] it is the
>   relationship of the facts to the claim
>   asserted that is important . . . .");
>   Advisory Committee's Note on Habeas Corpus
>   Rule 4, 28 U.S.C., p. 471 ("'[N]otice'
>   pleading is not sufficient, for the petition
>   is expected to state facts that point to a
>   real possibility of constitutional error."
>   (internal quotation marks omitted)) . . . .
>   A prime purpose of Rule 2(c)'s demand that
>   habeas petitioners plead with particularity
>   is to assist the district court in
>   determining whether the State should be
>   ordered to "show cause why the writ should
>   not be granted."  § 2243.  Under Habeas
>   Corpus Rule 4, if "it plainly appears from
>   the petition . . . that the petitioner is not
>   entitled to relief in district court," the
>   court must summarily dismiss the petition
>   without ordering a responsive pleading.

Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[1]

---

[1] For example, the Third Circuit has held that vague and
(continued...)

## II.  BACKGROUND

Petitioner challenges a judgment of conviction entered on March 12, 2001, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of criminal mischief, unlawful possession of a weapon, eluding arrest, aggravated assault upon a police officer, and joyriding.  The Law Division sentenced Petitioner to an aggregated 10-year term of incarceration, with an eight and one-half year period of parole ineligibility.  Petitioner appealed.  In an opinion filed September 26, 2005, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and remanded the matter for resentencing.  See State v. Roberts, 185 N.J. 597 (2005) (table).

Petitioner executed the Petition which is now before the Court on May 18, 2006.  The Clerk received it on June 5, 2006.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  In a letter filed July 21, 2006, Petitioner asked this Court to rule on the Petition "as is."

---

[1](...continued)
conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

The Petition presents four grounds, which are set forth below verbatim:

> Ground One:  N.E.R.A. does not apply to defendant's convictions.
>
> Supporting FACTS:  [D]efendant was acquitted of the assault against Sgt. Hogan.  Officer Wilson stated that the Lexus was already traveling in reverse when he assisted Sgt. Hogan.
>
> Ground Two:  N.E.R.A. does not apply to accidental or reckless use of an object.
>
> Supporting FACTS:  Accidental use of an innocent object does not satisfy the N.E.R.A. predicate fact.
>
> Ground Three:  Defendant should not have received more than the presumptive term.
>
> Supporting FACTS:  [A]ny aggravating factor[] other than a prior conviction has to be submitted to a jury and found by a reasonable doubt theory.
>
> Ground Four:  Defendant has been denied a fair trial due to Sharon Childs-Williams' testimony.
>
> Supporting FACTS:  Prosecutor's never check for truth in her claim of defendant's allege[ed] admission of his role in the crime.

(Pet. ¶ 12.A.-12.D.)

### III.  DISCUSSION

A.  Jurisdiction

Section 2254(a) of Title 28 of the United States Code gives the Court jurisdiction to entertain a habeas petition challenging

4

a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). Petitioner satisfies the status requirement because, according to the Petition, he is in custody of the State of New Jersey pursuant to a state criminal conviction.

The question here is whether the Petition asserts a violation of a constitutional or federal right. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation

Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982).

In reviewing a habeas petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[2]  Nor may the Court recharacterize a ground asserted under state law as a federal constitutional claim.[3] Moreover, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."  Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  And "it is well

---

[2] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[3] See Engle v. Isaac, 456 U.S. 107 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

6

established that a state court's misapplication of its own law does not generally raise a constitutional claim.  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

The Petition presents four claims.  In Grounds One and Two, Petitioner challenges his parole ineligibility under New Jersey's No Early Release Act, L. 1997, c. 117 (1997) (amended 2001).  The problem with these claims challenging the applicability of the No Early Release Act is that, absent a claim that the sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is a question of state law.  See Chapman v. United States, 500 U.S. 453, 465 (1991); Wainwright v. Goode, 464 U.S. 78 (1983); Gryger v. Burke, 334 U.S. 728, 731 (1948); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984).  For example, in Gryger v. Burke, 334 U.S. 728, 731 (1948), the Supreme Court rejected petitioner's due process challenge to a life sentence imposed by the Pennsylvania courts.  Petitioner argued that the sentencing judge mistakenly regarded as mandatory a sentence which was discretionary.  The Supreme Court held:

> We are not at liberty to conjecture that the
> trial court acted under an interpretation of
> the state law different from that which we
> might adopt and then set up our own

>     interpretation as a basis for declaring that
>     due process has been denied.  We cannot treat
>     a mere error of state law, if one occurred,
>     as a denial of due process; otherwise, every
>     erroneous decision by a state court on state
>     law would come here as a federal
>     constitutional question.

Id. at 731.

As Petitioner does not challenge his sentence under the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, or as otherwise unconstitutional, this Court lacks subject matter jurisdiction over Grounds One and Two.

In Ground Three, Petitioner asserts that the Law Division improperly imposed a sentence beyond the presumptive term because aggravating factors were found by the judge, rather than a jury beyond a reasonable doubt.  Like Grounds One and Two, Ground Three does not assert violation of federal law.  Moreover, Petitioner prevailed on this claim in the Appellate Division, remanded for resentencing on the ground "that a sentence above the presumptive statutory term based solely on a judicial finding of aggravating factors, other than a prior criminal conviction, violates a defendant's Sixth Amendment jury trial guarantee." State v. Roberts, 2005 WL 2649291, at *4 (N.J. Super. App. Div. Sept. 26, 2005) (quoting State v. Natale, 184 N.J. 458, 466 (2005)).  Because Petitioner already won on Ground Three in the Appellate Division and Ground Three does not assert violation of federal law, this Court lacks subject matter jurisdiction over Ground Three.

In Ground Four, Petitioner asserts that the admission of the testimony of Sharon Childs-Williams regarding Petitioner's statement that he was involved in the crime denied him a fair trial because the prosecutor did not verify the veracity of Petitioner's statement. Because the admissibility of evidence is a question of state law, this Court lacks subject matter jurisdiction over Ground Four. See Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001) ("A federal habeas court, however, cannot decide whether the evidence in question was properly allowed under the state law of evidence"); Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978) ("As to the contention that the trial court erred in admitting the victim's testimony of a prior flirtatious conversation, we find that, if there was any error in the court's ruling . . . that error was at best one of interpretation of the state's law of evidence and did not arise to constitutional dimensions"). Thus, this Court lacks subject matter jurisdiction over Ground Four because it does not assert a violation of federal law.

To summarize, § 2254(a) permits a district court to entertain a petition for a writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This Court lacks subject matter jurisdiction over the Petition, and will dismiss it, because Petitioner does not assert a violation of any federal law.

B. Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition for lack of subject matter jurisdiction, and denies a certificate of appealability.

/s/ Jose L. Linares
**JOSE L. LINARES, U.S.D.J.**

Dated: August 18, 2006